

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Carl C. Hardin, Jr., Executive Secretary
Texas State Board of Dental Examiners
311 Norwood Building
Austin 16, Texas

Dear Sir:

Opinion No. O-5838
Re: The lengths to which an in-
vestigator may go in his
quest for evidence and facts
without jeopardizing his
investigation by a defense
plea of entrapment.

Your letter of March 31st requests our opinion as
follows:

"The Texas State Board of Dental Examiners
faces a possible defense charge of entrapment in
its prosecution of a dental laboratory operator.
District and county attorneys vary widely in
their interpretation of what constitutes entrap-
ment.

"To what lengths may an investigator go in
his quest for evidence and facts without jeopard-
izing his investigation by the defense plea of
entrapment? What does constitute entrapment?
What are the limits beyond which an investigator
may not go?"

There being no statutory provision relating to en-
trapment, we have carefully examined the cases wherein entrap-
ment has been pleaded as a defense. We find the cases annotat-
ed in 18 A. L. R. 146, and supplemented by a later annotation
in 66 A. L. R. 478. We quote from the latter annotation:

"As was stated in the earlier annotation, 18
A. L. R. 146, it appears to be the general rule

IICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSIST.

C. Hardin, Jr., page 2

in the class of cases where the doing of a particular act is a crime regardless of the consent of anyone, that if the criminal intent originates in the mind of the accused, the fact that an opportunity is furnished, or that the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him therefor, constitutes no defense. The purpose of the detective or governmental agent is not to solicit the commission of, nor to create, an offense, but to ascertain if the accused is engaged in an unlawful business, as to entrap the defendant in the act of committing an offense which he has reasonable grounds to believe the accused has commenced, or is about to commence."

In a Washington case, State v. Littooy, 52 Wash. 87, 100 Pac. 170, the court held it to be no defense that the prosecuting witness went to the office of the defendant and had him fill a cavity in his tooth, and paid him for the service, with a view to prosecuting him therefor.

In a number of Texas cases where entrapment is pleaded, the defense is based on the theory that the prosecuting witness was an accomplice and as a result his testimony must be corroborated.

In Stevens v. State, 110 S. W. (2d) 906, the Court of Criminal Appeals said:

"When applied to evidence, the term accomplice means a person who is connected with the crime by an unlawful act or omission." (Emphasis ours)

Later in the same opinion, on Motion for Rehearing, Judge Morrow, quoting from the case of Sorrells v. United States, 287 U. S. 435, 53 S. Ct. 210, said:

"It is well settled that the fact that officers or employees of the government merely afford opportunities or facilities for the commission of the offense does not defeat the prosecution. Artifice and stratagem may be employed to catch those engaged in criminal enterprises."

Carl C. Hardin, Jr., page 3

In the case of Peery v. State, 134 S. W. (2d) 283, Ct. Crim. App., the facts are somewhat similar to those submitted by you. Judge Graves, on Motion for Rehearing, held that the fact that an agent of the State Board of Medical Examiners requested a lady to go to where appellant lived and ask for treatment for bronchitis, and carried her there in his car, and furnished her with the money to pay for the treatment, would not constitute entrapment.

It would seem, then, that by the great weight of authority, where the criminal intent arises in the mind of the defendant, he may not successfully plead entrapment. Rath v. State, 33 S. W. 229; Smith v. State, 135 S. W. 154; Scott v. State, 153 S. W. 871; Davis v. State, 158 S. W. 228. Nor is the investigator an accomplice witness, where in pursuit of his duty, he sets a "trap" for the purpose of apprehending one whom he has reason to believe is committing or preparing to commit a crime. Only where it can be shown that he possessed the requisite criminal intent and was connected with the act or omission in an unlawful manner, is he held to be an accomplice.

Trusting that the foregoing fully answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Fred C. Chandler_
Fred C. Chandler
Assistant

By _H. T. Bob Donahue_
H. T. Bob Donahue

HTBD:db

APPROV
OPINIO
COMMITT
BY
CHAIRMA